The People of the State of New York,
against
Dave Lewis, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Heidi C. Cesare, J.), rendered October 25, 2018, after a nonjury trial, convicting him of failure to exercise due care to avoid collision with a bicyclist and failure to yield to a bicyclist, and imposing sentence.




Per Curiam.
Judgment of conviction (Heidi C. Cesare, J.), rendered October 25, 2018, affirmed.
For the reasons stated in our decision in People v Torres, __ Misc 3d __, 2019 NY Slip Op 29292 [App Term, 1st Dept 2019]), we reject defendant's arguments that Administrative Code of City of the New York § 19-190(b) is preempted by state law and unconstitutional for using a civil negligence standard as a basis for criminal liability.
Defendant's legal sufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the court's credibility determinations. The totality of the credible evidence, including surveillance videotapes of the accident resulting in the death of a cyclist, warranted the conclusion that defendant bus driver failed to exercise due care and failed to yield the right of way to the cyclist.THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: October 24, 2019